**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTHERN GEORGIA**
**NEWNAN DIVISION**

SHENELL MEYERS, an individual, on her
own behalf and on behalf of all                              CASE NO.:
others similarly situated,

        Plaintiffs,

 v.

OLD DOMINION FREIGHT LINE, INC.,
a Virginia corporation

        Defendants.
_____

## FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION AND JURY TRIAL DEMANDED

All allegations in this Collective Action Complaint ("Complaint") are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and his counsel. Plaintiff SHENELL MEYERS' information and belief are based upon; *inter alia*, the investigation conducted to date by Plaintiff and her counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. Plaintiff SHENELL MEYERS ("Plaintiff" or "MEYERS"), on behalf of herself and all others similarly situated, alleges as follows:

### INTRODUCTION

1.      The FLSA Claim Class Period is from January 25, 2015; to the date judgment is rendered herein.

2.      Plaintiff and the members of the putative class seek relief and damages for Defendants' violation, by way of the above-described conduct, of the Fair Labors Standards Act. Plaintiff and this proposed class alleges that Defendants' payroll practices with respect to its non-exempt employees in Georgia and the United States caused it to inaccurately calculate the rates used for overtime and straight time.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this class action under 28 U.S.C. §§1331 and 1367(a).  Specifically, this action presents claims under the Federal Labor Standards Act ("FLSA"), which forms part of the same case or controversy under Article III, section 2 of the U.S. Constitution.  Venue is proper in Clayton County because the acts which give rise to this litigation occurred in this county and Defendants do business in Conley, Georgia in Clayton County.

## THE PARTIES

4.      Plaintiff MEYERS is over the age of eighteen and a resident of Jonesboro, Georgia.

5.      Defendant OLD DOMINION FREIGHT LINE, INC. is a corporation organized under the laws of the State of Virginia ("OLD DOMINION") and doing business in Conley, Georgia and other locations.

6.      The members of the proposed class are likewise current and former employees of Defendants, employed by Defendants within the United States during the Class Period as non-exempt employees.

## FACTUAL ALLEGATIONS

7.      Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

8.      Plaintiff was employed by Defendants as a "Dock Worker" for approximately two and a half (2 ½) years with her employment ending on August 1, 2017.  She started off part-time and became a full-time employee with Defendants on March 6, 2015.  Plaintiff worked 10 to 12-hour shifts averaging between 45 to 55 hours a workweek.  She was paid $24.60 an hour.

9.      Plaintiff's "Job Summary" as a "Dock Worker" included "successfully loads and unloads freight throughout the shift using a forklift or manually in a safe, efficient manner."

10.      According to **https://alljobs-odfl.icims.com/jobs/search?ss=1&search-Keyword=dock+worker**, Plaintiff's responsibilities" as a Dock Worker included the following:
- Load and unload freight on trailers using a motorized forklift, pallet jack or manually in compliance with state and federal DOT guidelines. Use various loading techniques, such as loading tight or cross loading.

- Transport self and/or freight continuously throughout the service center in a forklift on non-forgiving surfaces.
- Utilize Dock Yard Management System to consistently monitor freight shipment locations throughout the service center.
- Read and interpret shipping labels. Familiarity with, and in some cases ability to complete the various forms utilized in freight movement such as shipping orders, city stripping manifests, freight bills, overage/damage movement reports and exception forms.
- Hand load, rewrap or stack freight as necessary.
- Secure freight inside trailers using appropriate tools and supplies (e.g. pallets, straps, rope).
- Frequent contact with service center personnel; fast-pace and deadline oriented.
- Perform other duties as assigned.

11.    Plaintiff alleges that it was Defendants' policy not to pay overtime until you worked 60 hours in a workweek.  Accordingly, Plaintiff contends that neither she nor the members of the putative class were paid overtime for any hours worked over 40 in a workweek.

12.    Based upon information and belief, Defendant Old Dominion Freight Line, Inc. is a less-than-truckload, company.  It offers regional, inter-regional and national Less than Truckload shipping ("LTL") service. In addition to its core LTL services, the company offers logistics services including ground and air expedited transportation, supply chain consulting, transportation management, truckload brokerage, container delivery and warehousing, as well as household moving services. It contracts with freight forwarding services throughout the world. It is headquartered in Thomasville, North Carolina.

13.    According    to    http://www.odfl.com/Landings/domesticLanding.faces,    "Old Dominion Freight Line, Inc. has 227 LTL shipping service centers, 32 transfer points and more than 18,000 employees who work to provide an extraordinary level of customer service to the six major geographical regions and thousands of direct shipping points in the lower 48 states."

## COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff hereby incorporates each and every allegation contained above and re-alleges said allegations as if fully set forth herein.

15.     Plaintiff alleges that Defendants never paid her or the other members of the putative class overtime wages when they worked in excess of forty (40) hours in a week.

16.     Plaintiffs brings this suit as a Collective Action under the Fair Labor and Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") on behalf of the "FLSA Class" defined as:

**FLSA Class:**

All persons who were, are, or will be employed by Defendants as a non-exempt employee in the United States within the applicable limitations period, which is three years preceding the filing of the original Complaint herein plus such additional time as may be provided pursuant to equitable tolling.

17.     Plaintiffs allege that during the FLSA Class Period, they are and were:

(A.) individuals who resided in the United States of America;

(B.) were employed as "non-exempt" employees for Defendants in the United States within the three years preceding the filing of the complaint herein;

(C.) worked more than 40 hours in any given week;

(D.) did not receive all overtime compensation for all hours worked over 40 hours in any given week;

(E.) did not receive reimbursement for expenses that were paid for the primary benefit of the named Defendants.

(F.) worked regular hours for which they received no pay whatsoever;

(G.) are members of the FLSA Collective Class as defined in the preceding paragraph in this Complaint; and,

(H.) have signed a consent to sue that shall have been filed in this court.

18.     All claims involving the FLSA Collective Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216, because there is a well-

defined community of interest in the litigation, and the proposed FLSA Collective Class is easily ascertainable by examination of the employment records that Defendants are required to maintain by law, including but not limited to employee time clock reports and payroll records.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

19.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

20.     Plaintiff brings this action on behalf of herself and all others similarly situated as a class action, pursuant to Federal Rule of Civil Procedure Rule 23. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

> **Georgia Sub-Class:**
>
> All employees who were or are employed by Defendants during the Class Period in Georgia as "non-exempt employees" between January 25, 2015 and the date of judgment in this action.  As used in this class definition, the term "non-exempt employee" refers to those who Defendants have classified as non-exempt.
>
>  (Collectively "Putative Class" or "Class Members")

21.     The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendants, Plaintiff is informed and believes that the class includes potentially hundreds of members.

22.     Common questions of law and fact exist as to all members of the class which predominate over any questions affecting only individual members of the class.  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

> a.   Whether Defendants breached its contracts with Plaintiff and members of the proposed class by failing to pay them their agreed upon hourly wage;

5

    b.   Whether Defendants was unjustly enriched;

    c.   Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and

23.    The claims of the named Plaintiff are typical of the claims of the members of the putative class.  Plaintiff and other class members sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff.  Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

24.    Plaintiff is an adequate representative of the proposed classes because she is a member of the class, and her interests do not conflict with the interests of the members she seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and her counsel intend to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and her attorneys.

25.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims.  By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

26.    The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California Code of Civil Procedure § 382 because:

    a.   The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class

members, thus establishing incompatible standards of conduct for Defendants,
and

b.    The prosecution of separate actions by individual class members would also
create the risk of adjudications with respect to them that, as a practical matter,
would be dispositive of the interest of the other class members who are not a
party to such adjudications and would substantially impair or impede the
ability of such non-party class members to protect their interests.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION IN
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

**(Against Defendants on behalf of Plaintiff**

**And Proposed Members of the Plaintiff Class)**

27.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set
forth herein.

28.    The Fair Labor Standards Act, 29 U.S.C. §201, et. seq., states that an employee
must be compensated for all hours worked, including straight time compensation and overtime
compensation.   (29 C.F.R. §778.223 and 29 C.F.R. §778.315.)   This Court has concurrent
jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. §216.

29.    Plaintiff also brings this lawsuit as a collective action under the Fair Standards
Labor Act, 29 U.S.C. §201, et. seq. (the "FLSA"), on behalf of all persons who were, are, or will
be employed by Defendants in a non-exempt hourly position during the period commencing
three years prior to the filing of this Complaint to and through a date of judgment, who
performed work in excess of forty (40) hours in one week and did not receive all compensation
as required by the FLSA for the hours worked.   To the extent equitable, tolling operates to toll
claims by and against the collective employees against the Defendants, the collective statute of
limitations should be adjusted accordingly.

30.    This Collective Action by similarly situated persons under 29 U.S.C. 216(b) is

based upon the failure of the named defendants to reimburse the named Plaintiff and the FLSA Plaintiff Class for certain transportation expenses that the named Plaintiff and the FLSA Plaintiff Class seek to represent paid when those expenses were primarily for the benefit of the named Defendants.

31.     Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

> a.     Whether Defendants' policies and practices failed to accurately record all hours worked by Plaintiff and other collective employees;
>
> b.     Whether Defendants failed to adequately compensate collective employees for expenses incurred for the direct benefit of Defendants as required by the FLSA;
>
> c.     Whether Defendants' policies and practices were to write down the time worked by Plaintiff and collective employees;
>
> d.     Whether Defendants failed to include all remuneration in calculating the appropriate rates overtime and straight time;
>
> e.     Whether Defendants should be should be enjoined from continuing the practices which violate the FLSA; and
>
> f.     Whether Defendants are liable to the collective employees.

32.     The Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative Plaintiff because the claims of Plaintiff are similar to the claims of collective employees.

33.     Plaintiff and collective employees are similarly situated, have substantially similar job requirements and pay provisions, and are subject Defendants' common and uniform policy and practice of failing to pay for all actual time worked and wages earned, failed to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor, and for failing to include all remuneration in calculating overtime rates and straight time rates of employees.

34.     Defendants are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. §203(b).

35.     29 U.S.C. §225 provides a three-year statute of limitations applies to willful violation of the FLSA.  The conduct by Defendants which violated the FLSA was willful.

36.     Plaintiff and collective employees regularly worked in excess of forty (40) hours in a workweek.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., Plaintiff and the collective employees are entitled to compensation for all hours actually worked, and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

37.     Plaintiff and collective employees were all paid to Defendants on an hourly basis for the hours worked up to forty (40) in a workweek, but Plaintiff and collective employees worked more than forty (40) hours per workweek, and were not paid compensation for all hours worked, including overtime hours.  Defendants also failed to pay Plaintiff, and collective employees, compensation for the hours they worked performing duties primarily for the benefit of the employer during meal and rest periods.

38.     For the purposes of the Fair Labor Standards Act, the employment practices of Defendants were and are uniform throughout and the United States in all respects material to the claims asserted in this Complaint.

39.     Defendants violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

40.     As a result of Defendants' failure to pay overtime compensation for hours worked, as required by the FLSA, Plaintiff and collective employees were damaged in an amount to be proved at trial.

41.     Plaintiff, therefore, demands that he and collective employees be paid overtime compensation as required by the FLSA for every hour of overtime in any workweek for which he was not compensated, compensation for meal and rest periods, compensation for miscalculation of overtime and straight time, plus liquidated damages, interest and statutory costs as provided

9

by law.

42.     As a result of the willful actions of the named Defendants in reckless disregard of the rights of the named Plaintiff and the FLSA Plaintiff Class, Plaintiff and the members of the FLSA Plaintiff Class have suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, and on behalf of the members of the putative class, prays for judgment against Defendants as follows:

1.     For an order certifying the proposed class;

2.     For nominal damages;

3.     For equitable relief, in the nature of declaratory relief, restitution of all monies due to Plaintiff and members of the putative class, and disgorgement of profits from the unlawful business practices of Defendants, and accounting;

4.     For penalties as permitted by the FLSA, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, for penalties permitted;

5.     For interest as permitted by statute;

6.     For costs of suit and expenses incurred herein as permitted by statute;

7.     For attorney's fees as permitted by statute; and

8.     For all such other and further relief that the Court may deem just and proper.

DATED:   January 25, 2018

THE ORLAND FIRM, P.C.


By:     /s/ Roger W. Orlando
        ROGER W. ORLANDO, ESQ.
        Attorneys for Plaintiff

10

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED:   January 25, 2018

**THE ORLAND FIRM, P.C.**

By:   /s/ Roger W. Orlando_____
ROGER W. ORLANDO, ESQ.
Attorneys for Plaintiff